1  PATRICIA BARBOSA, Esq. (SBN 125865)
   BARBOSA GROUP
2  9341 Candlewood Drive
   Huntington Beach, CA 92646
3  Tel: (714) 465-9713
   Fax: (714) 465-9628
4  Barbosagrp@aol.com

5  JORDON METZ, Esq. (SBN 167355)
   MARGARET BYRNE IKEDA, Esq. (SBN 222303)
6  GOODMAN & METZ
   17043 Ventura Blvd.
7  Encino, CA 91316
   Tel: (818) 386-2889
8  Fax: (818) 986-2889
   Jordon@goodmanmetz.com
9  Maggie@goodmanmetz.com

10 Attorneys for Plaintiff
   CONNIE ARNOLD
11
   (Appearances continued on following page)
12
                    UNITED STATES DISTRICT COURT
13                  EASTERN DISTRICT OF CALIFORNIA

14 CONNIE ARNOLD                    CASE NO. 1:08-CV-01246-AWI-DLB

15                                  Civil Rights
           PLAINTIFF                The Honorable ANTHONY W. ISHII, U.S.
16                                  District Judge presiding
   v.
17                                  CONSENT DECREE AND
   IC KANG CORPORATION, d.b.a LA    [PROPOSED] ORDER FOR
18 QUINTA INN & SUITES-VISALIA;     SETTLEMENT OF INJUNCTIVE
   OMKAR INNS, INC., And DOES 1 through   RELIEF ONLY
19 35, Inclusive,
                                    Trial Date:   TBD
20                                  Place:        Courtroom 2 JT
           DEFENDANTS.                            2500 Tulare Street
21                                                Fresno, CA
22
                                    Hon. Anthony W. Ishii presiding
23

FILED
APR 20 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

BARBOSA GROUP
9341 CANDLEWOOD DRIVE
HUNTINGTON BEACH, CA 92646
TEL(714) 465-9713
FAX (714) 465-9628

Consent Decree and [Proposed] Order of Injunctive Relief
Case Number: 1:08-CV-01246-AWI-DLB                                    — 1 —

GARY R. BASHAM (SBN 130119)
BASHAM PARKER LLP
701 University Avenue, Suite 220
Sacramento, California 95825
Telephone: (916) 925-5850
Facsimile: (916) 925-5854

Attorney for Defendant
IC KANG CORPORATION

THEORDORE W. HOPPE (SBN 138064)
HOPPE LAW GROUP
680 W. Shaw Ave., Ste. 207
Fresno, CA 93704
Telephone: (559) 241-7070
Facsimile: (559) 241-7212

Attorney for Defendant
LIBERTY HOTEL INVESTMENTS, L.P.

BARBOSA GROUP
9341 CASTLEWOOD DRIVE
HUNTINGTON BEACH CA
92646
TEL (714) 465-9713
FAX (714) 465-9628

Consent Decree and [Proposed] Order of Injunctive Relief
Case Number: 1:08-CV-01246-AWI-DLB                                  — 2 —

## CONSENT DECREE AND ORDER

1. Plaintiff CONNIE ARNOLD ("Plaintiff") filed a Complaint in this action on August 22, 2008 and a First Amended Complaint on November 13, 2008 ("Complaint") to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California Civil Code §§ 54; and 54.1, and Health & Safety Code §§ 19955 et seq., against Defendants IC KANG CORPORATION, d.b.a LA QUINTA INN & SUITES-VISALIA; and LIBERTY HOTEL INVESTMENTS, L.P. Plaintiff has alleged that Defendants violated Title III of the ADA and California civil rights laws and statutes by failing to provide full and equal access to its facilities, services and accommodations at the La Quinta Inn and Suites located at 5438 W. Cypress, Visalia, California, in the County of Tulare ("Hotel"). Plaintiff and Defendant IC KANG CORPORATION ("Defendant") now seek to settle all of Plaintiff's claims for injunctive relief, and agree that the terms of this Consent Decree ("Agreement") will satisfy all of Plaintiff's claims for injunctive relief.

2. Defendant denies the allegations in the Complaint filed by Plaintiff, and by entering into this Agreement do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The Parties hereby enter into this Agreement for the purpose of entering into an early settlement of Plaintiff's claims for injunctive relief without the need for protracted litigation, and without the admission of any liability for any allegations in Plaintiff's Complaint. The Parties have not reached an agreement on Plaintiff's claims for statutory, compensatory or personal injury damages, or for attorneys' fees, costs and litigation expenses for bringing her claim. Plaintiff's monetary claims will be determined by a separate settlement between the Parties, or by motion to the Court.

**JURISDICTION:**

3. The Parties to this Agreement agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101 et seq. ("ADA") and for supplemental jurisdiction for California civil rights laws and regulations.

///

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Agreement agree to entry of the proposed Order to resolve all of Plaintiff's claims for injunctive relief, as set forth in her Complaint against Defendants. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for injunctive relief at the subject premises, which is the subject of her Complaint filed with this Court.

WHEREFORE, the Parties to this Agreement hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

### SETTLEMENT OF PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:

5. Defendant IC KANG, Inc. has agreed to remove barriers at the subject Hotel as settlement for Plaintiff's claims for injunctive relief. This Order shall be a full, complete and final disposition and settlement of Plaintiff's claims against Defendant IC KANG, Inc. Defendant LIBERTY HOTEL INVESTMENTS, L.P. no longer owns the subject Hotel, and is not required to undertake any injunctive relief by this Order. Defendant IC KANG, Inc. and Plaintiff have reached an agreement regarding the terms for settlement of Plaintiff's claims for injunctive relief as requested in her Complaint. The barrier removal agreed to by the parties is set forth and attached as "Attachment A" and exhibits attached thereto to this Consent Decree and Order, and are incorporated herein by reference as if fully set forth in this Agreement. Defendant IC KANG Inc. agrees and stipulates that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and in the Americans with Disabilities Act, ADAAG, unless other standards or specifications are specifically agreed to in Attachment A.

### ENTIRE CONSENT ORDER:

6. This Agreement constitutes the entire agreement between the signing Parties on the matter of Plaintiff's claims for injunctive relief against Defendants, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Agreement, shall be enforceable regarding the matters described herein. This Consent Decree and Order applies exclusively to Plaintiff's

BARBOSA GROUP
9341 CANDLEWOOD DRIVE
HUNTINGTON BEACH, CA
92646
TEL (714) 465-9713
FAX (714) 465-9628

Consent Decree and [Proposed] Order of Injunctive Relief
Case Number: 1:08-CV-01246-AWI-DLB — 4 —

claims for injunctive relief in the action before this Court, and does not settle any of Plaintiff's claims for statutory, compensatory and personal injury damages, or for claims for attorneys' fees, costs, and litigation expenses, which will be resolved through a separate agreement between the Parties or by motion to the Court.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

7.  This Agreement shall be binding on Plaintiff CONNIE ARNOLD and Defendant IC KANG CORPORATION, d.b.a LA QUINTA INN & SUITES-VISALIA, and any successors in interest. The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:**

8.  Each of the Parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to this lawsuit which is unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the Parties intend that this Consent Decree apply to all conditions that existed at the subject facilities and all such further loss with respect to Plaintiff's claims as set forth in her Complaint, except those caused by the Parties subsequent to the execution of this Consent Decree. Therefore, except for all such obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree with respect to the lawsuit, except for Plaintiff's damages, attorneys' fees, and costs, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

///
///
///

BARBOSA GROUP
9141 CASTLEWOOD DRIVE
HUNTINGTON BEACH, CA
92646
TEL (714) 465-9713
FAX (714) 465-9628

Consent Decree and [Proposed] Order of Injunctive Relief
Case Number: 1:08-CV-01246-AWI-DLB
— 5 —

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies exclusively to Plaintiff's claims for injunctive relief in the action before this Court.

9. Except for all obligations required in this Agreement (and damages, attorneys' fees and costs) each of the Parties to this Agreement, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the injunctive relief set forth in Attachment A.

**TERM OF THE CONSENT DECREE AND ORDER:**

10. This Agreement and Order shall be in full force and effect for eighteen (18) months after the date of the entry of this Consent Decree and Order, or until the injunctive relief is completed in compliance with the Order and verified by Plaintiff's consultant. The Court shall retain jurisdiction of this action to enforce provisions of this Order until Defendant IC KANG Inc. complies with all of the terms of this Agreement. In the event that Defendant IC KANG Inc. is unable to meet any of the deadlines for barrier removal, the attorney for Defendant will provide Plaintiff's counsel written notice within fifteen (15) days of discovering the delay, and provide counsel with information regarding the cause of the delay, and a new proposed time for completing the work. Counsel for Defendant will provide a written notice of completion of the injunctive relief within fifteen (15) days of completing all of the work required under this Agreement. Defendant IC KANG Inc. will provide access to the Hotel for final inspection within a reasonable time of Plaintiff's request to conduct such inspection.

///

///

BARBOSA GROUP
9341 CANDLEWOOD DRIVE
HUNTINGTON BEACH, CA 92646
TEL (714) 465-9711
FAX (714) 465-9028

Consent Decree and [Proposed] Order of Injunctive Relief
Case Number: 1:08-CV-01246-AWI-DLB                                    — 6 —

**SEVERABILITY:**

11. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

12. Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Agreement. This Agreement may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

APPROVED AS TO FORM:

Date: April 16, 2010

PATRICIA BARBOSA
BARBOSA GROUP

JORDON METZ
MARGARET BYRNE IKEDA
GOODMAN & METZ

Attorneys for Plaintiff
CONNIE ARNOLD

Date: _____, 2010

GARY BASHAM
BASHAM PARKER LLP

Attorneys for Defendants
IC KANG CORPORATION d.b.a. La Quinta Inn & Suites – Visalia

PARTIES' APPROVAL:

Date: April 9, 2010

CONNIE ARNOLD

Plaintiff

BARBOSA GROUP
9341 CANDLEWOOD DRIVE
HUNTINGTON BEACH, CA
92646
TEL (714) 465-9713
FAX (714) 465-9628

Consent Decree and [Proposed] Order of Injunctive Relief
Case Number: 1:08-CV-01246-AWI-DLB                                                           – 7 –

**SEVERABILITY:**

11. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

12. Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Agreement. This Agreement may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

APPROVED AS TO FORM:

Date: _____, 2010        PATRICIA BARBOSA
                                    BARBOSA GROUP

                                    JORDON METZ
                                    MARGARET BYRNE IKEDA
                                    GOODMAN & METZ

                                    _____
                                    Attorneys for Plaintiff
                                    CONNIE ARNOLD

Date: April 15, 2010               GARY BASHAM
                                    BASHAM PARKER LLP

                                    _____
                                    Attorneys for Defendants
                                    IC KANG CORPORATION d.b.a. La Quinta Inn
                                    & Suites – Visalia

PARTIES' APPROVAL:

Date: _____, 2010        CONNIE ARNOLD

                                    _____
                                    Plaintiff

BARBOSA GROUP
9341 CANDLEWOOD DRIVE
HUNTINGTON BEACH, CA
92646
TEL (714) 465-9711
FAX (714) 465-9671

Consent Decree and [Proposed] Order of Injunctive Relief
Case Number: 1:08-CV-01246-AWI-DLB                                – 7 –

1 | Date: April 12, 2010

IC KANG CORPORATION d.b.a. La Quinta Inn & Suites – Visalia

Defendants
Name: Chong Pok Kang
Title: owner

## ORDER

Pursuant to Stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 4-20-10

Honorable Anthony W. Ishii
United States District Judge

---

Consent Decree and [Proposed] Order of Injunctive Relief and Plaintiff's Monetary Claims
1:08-CV-01246-AWI-DLB

– 8 –

Consent Decree and Order: Attachment A
*Connie Arnold v. La Quinta Corporation, et al.*
USDC Eastern Dist. Case No. 1:08-CV-01246-AWI-DLB

CONNIE ARNOLD ("Plaintiff") and IC KANG CORPORATION ("Defendants") hereby agree to the following terms and conditions of the Consent Decree and Order, incorporated herein by reference, as settlement of all of Plaintiff's claims for injunctive relief in the civil case entitled, *Connie Arnold v. La Quinta Corporation*, et al. Case No. CV-08-8189 JHN.

The Parties agree that the following corrective work and modification of policies will be undertaken to eliminate alleged barriers at the La Quinta Hotel in the City of Visalia, California, by Defendant, which is the subject facility for the above-cited case. All of the corrective work and modifications will be done in compliance with the standards and specifications of the Americans with Disabilities Accessibility Guidelines ("ADAAG") and California Code of Regulations, Title 24-2 ("Title 24-2"), unless other standards as set forth in this Attachment, incorporated herein by reference as if fully recited and attached to the Consent Decree and Order in this matter.

I. **TIMETABLE FOR BARRIER REMOVAL**: The modification of policies and corrective work agreed to will be undertaken as follows:

   1. Work that does not require permits: Barrier removal that does not require permits by any enforcing agency will be completed within ninety (90) days of the approval of this Order by the Court. Defendants will provide a written list of the work completed under this section to Plaintiff's counsel within one hundred and ten (110) days of the Court's approval of this Order.

   2. Work requiring permits: Defendants will submit permits for any barrier removal requiring permits (except for permits for guestroom renovations and permits for renovations to the parking lot) within ninety (90) days of the Court's approval of this Order; work will be completed within ninety (90) days of obtaining approval for permits for corrective work. Defendants will provide a written list of the work completed under this section to Plaintiff's counsel within one hundred and ten (110) days of obtaining approval for permits for this corrective work. Defendants will notify Plaintiff's counsel in writing within 15 days of discovering that the completion dates will not be met, with an explanation of the delay and a new proposed deadline for the delayed work.

   3. Corrective work on accessible guestrooms: Defendants will renovate two guestrooms for use by persons with physical disabilities. Of the two accessible guestrooms, one will have a roll-in shower, one will have two double beds, and one room will have shower/tub combination restrooms. The combination of the rooms and the location of the two designated accessible guestrooms are up to Defendant's discretion, but must have an accessible path of travel. The renovation work for one guestroom is to be completed two hundred and forty (240) days of the approval of this Order by the Court. Defendants will notify

Plaintiff's counsel in writing within 15 days of discovering that the completion dates will not be met, with an explanation of the delay and a new proposed deadline for the delayed work. The renovation work for the second guestroom is to be completed within eighteen (18) months of the approval of this Order by the Court. Defendants will notify Plaintiff's counsel in writing within 15 days of discovering that the completion dates will not be met, with an explanation of the delay and a new proposed deadline for the delayed work.

4. <u>Corrective Work on Parking Area</u>: Defendants will renovate the parking area to make it accessible to persons with disabilities, as described in Section II.1, below. The renovation work for the parking lot is to be completed within one hundred and eighty (180) days of the approval of this Order by the Court. Defendants will notify Plaintiff's counsel in writing within 15 days of discovering that the completion dates will not be met, with an explanation of the delay and a new proposed deadline for the delayed work.

## II. BARRIER REMOVAL:

### 1. PARKING:

- **DESIGNATED ACCESSIBLE PARKING:** Defendant will renovate the designated accessible parking spaces located south of the main entrance, by: (1) providing tow away signage at both entrances to the parking lot; (2) reconfiguring the parking spaces to extend to 18' in length; (3) installing a new concrete wheel stop at the head of each stall; and (4) re-grading the parking stalls to provide no more than 2% slope in each direction.

- **PATH OF TRAVEL FROM PARKING TO MAIN ENTRANCE:** Defendant will provide an accessible path of travel from the designated accessible parking spaces to the front as designed in **Exhibit 1**, incorporated into this Attachment.

- **SIGNAGE:** Defendants will install required "Tow Away" signage for the Hotel's accessible parking lot at the parking lot entrances.

### 2. LOBBY:

- **REGISTRATION DESK:** Defendant will remove the back of the registration counter to provide a lowered portion of the registration counter, which is a minimum of 36 inches (915 mm) in length with a maximum height of 34 inches (864 mm). The lowered counter will have an ISA sign and desk clerks will be trained to keep the lowered portion unobstructed and to use the lowered counter to provide services to disabled persons whenever the registration desk is in use.

3. **PUBLIC RESTROOMS:** Defendant will remove the following barriers in both the men's and women's public restrooms:

- Lower entrance thresholds to no more than ½", beveled for both men and women's restrooms;
- Remount toilets to 18" off-center for both men and women's restrooms;
- Remount fixtures and dispensers to no more than 40" from floor both men and women's restrooms;
- Remount toilet paper dispenser to within 12" from front of toilet both men and women's restrooms;
- Relocate sanitary seat cover dispensers to 40" from floor and relocate to clear floor space for both men and women's restrooms.
- Adjust grab bar in men's room so that it extends 24" from the front of the toilet.

4. **BREAKFAST ROOM**: Defendant will: (1) provide at least one accessible table; (2) relocate items on the counter to within 24" of side reach range; and (3) provide an additional coffee dispenser within reach range.

5. **POOL AND SPA AREA:** Defendant will: (1) Correct entrance threshold to no more than ½"; (2) remove or relocate planters and chairs to provide a path of travel to the spa, drinking fountain, and unisex restroom; (3) provide an accessible table; (4) provide an accessible lift, such as an Aquatic Access Inc., model IGAT 180 AD, which is fully compliant and independently operable.

6. **UNISEX RESTROOM:** (1) Correct door pressure to no more than 5lb opening pressure; (2) Install ADAAG signage; (3) insulate water pipes under sink; and (4) install 42" side grab bar, mounted with 24" in front of toilet; and (5) relocate toilets so they are 18" off center.

7. **VENDING MACHINE:** Defendant will relocate the vending machine to an accessible area, where wheelchair users can reach the vending machine and exit the area.

8. **LAUNDRY FACILITIES:** Defendant will: (1) replace the door stop with a compliant door stop; (2) relocate the soap machine so that it measures 48" from the floor; and (3) correct door pressure to no more than 5lb opening pressure.

9. **DESIGNATED GUESTROOMS:** Defendant will provide two (2) designated accessible guestrooms; [1] accessible guestroom with a shower/tub combination, and [1] guestroom with a roll-in shower. One of the designated guestrooms will have two double beds. The configuration of the accessible restrooms and the layout of the furniture will be provided as set forth in the plans attached as **Exhibit 2**, incorporated herein by reference. Additionally, Defendant will remove the following barriers in all accessible guestrooms:
- Correct door pressure to no more than 8.5 lbs of pressure.
- Provide readable signage on back of entrance door no higher than 48" AFF.
- Provide lower peephole to between 44"-48" from AFF.
- Lower security lath to 48" AFF max.
- Provide batons on window dressings that are no more than 48" AFF.

- Provide lower shelf and clothes bar in closet to no more than 48" AFF.
- Lower Iron set in closet to 48" AFF max.
- Provide a clear opening of 32" min. at closet door.
- Provide a min. 36" POT to all amenities in the guestroom.
- Provide 36" clear space between beds.
- Provide a desk with compliant clear floor space and compliant knee space.

**III.**    **PROCEDURE FOR ENFORCING TERMS OF THE AGREEMENT:**

If Plaintiff believes that Defendant has not complied with the terms of this Consent Decree, Plaintiff's counsel will inform Defendant's counsel, (or otherwise agreed upon representative for Defendant) in writing and give Defendant thirty (30) days to correct any alleged violations. Plaintiff may seek Court enforcement of the terms and conditions of this Consent Decree in the event the parties are unable to reach an agreement regarding any alleged violations at the Hotel, and may seek reasonable attorney fees and costs for enforcing this Agreement.