1  PATRICIA BARBOSA, Esq. (SBN 125865)
   JORDON METZ, Esq. (SBN 167355)
2  **BARBOSA, METZ & HARRISON, LLP**
   17547 Ventura Blvd., Suite 310
3  Encino, CA 91316
   Tel: (818) 386-1200
4  Fax: (818) 386-1212
   PBarbosa@bmhlegal.com
5  JMetz@bmhlegal.com

6  Attorneys for Plaintiff, CONNIE ARNOLD

7  (Appearances continued on following page)

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11 CONNIE ARNOLD,                    ) Case No.: 1:08-CV-01246-AWI-DLB
                                     )
12              Plaintiff,           ) <u>**Civil Rights**</u>
                                     ) *Assigned to Honorable Anthony W. Ishii, Judge*
13 vs.                               ) *presiding*
                                     )
14 LA QUINTA CORPORATION,            ) **CONSENT DECREE AND ORDER FOR**
                                     ) **SETTLEMENT OF PLAINTIFF'S CLAIMS**
15              Defendants.          ) **FOR DAMAGES AND ATTORNEYS' FEES,**
                                     ) **LITIGATION EXPENSES AND COSTS AS**
16                                   ) **AGAINST LIBERTY HOTEL**
                                     ) **INVESTMENTS LP**
17                                   )
                                     )
18                                   ) Trial Date:    July 19, 2011
                                     ) Time:          9:00 a.m.
19                                   ) Location:      2500 Tulare Street
                                     )                Courtroom 2
20 _____)                Fresno, CA

21

22

23

24

25

26

27

28
_____
**Consent Decree And Order For Settlement Of Plaintiff's Claims For Damages And Attorneys' Fees, Litigation Expenses And Costs As Against Liberty Hotel Investments Lp**
Case No.: 1:08-CV-01246-AWI-DLB                                                      1

THEODORE W. HOPPE (SBN 138064
**HOPPE LAW GROUP**
680 W Shaw Avenue, Suite 207
Fresno, CA 93704
Tel: (559) 241-7070
Fax: (559) 241-7212
tad@hoppe-law.com

Attorneys for Defendant, LIBERTY HOTEL INVESTMENTS, LP

---

**Consent Decree And Order For Settlement Of Plaintiff's Claims For Damages And Attorneys' Fees, Litigation Expenses And Costs As Against Liberty Hotel Investments Lp**
Case No.: 1:08-CV-01246-AWI-DLB                                         2

CONSENT DECREE AND ORDER

1. Plaintiff CONNIE ARNOLD ("Plaintiff") filed a Complaint in this action on August 22, 2008 ("Complaint") to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California Civil Code §§51, 54; and 54.1, and Health & Safety Code §§ 19955 *et seq.*, against Defendants IC KANG CORPORATION, d.b.a LA QUINTA INN & SUITES-VISALIA ("La Quinta"); and LIBERTY HOTEL INVESTMENTS, L.P. ("Liberty" and collectively with La Quinta "Defendants").  Plaintiff has alleged that Defendants violated Title III of the ADA and California civil rights laws and statutes by failing to provide full and equal access to its facilities, goods, services and accommodations at the La Quinta Inn and Suites located at 5438 W. Cypress, Visalia, California, in the County of Tulare ("Hotel").  Plaintiff and Liberty now seek to settle all of Plaintiff's claims for statutory, compensatory and personal injury damages, as well as her claims to attorneys' fees, litigation expenses and costs connected with enforcing her Complaint as against Liberty.

2. Liberty denies the allegations in the Complaint filed by Plaintiff, and by entering into this Consent Decree and concurrently filed Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The Plaintiff and Liberty hereby enter into this Consent Decree and concurrently filed Order for the purpose of entering into an early settlement of Plaintiff's claims for statutory, compensatory and personal injury damages, as well as her claims to attorneys' fees, litigation expenses and costs as against Liberty without the need for protracted litigation, and without the admission of any liability for any allegations in Plaintiff's Complaint.  Plaintiff and Liberty have reached an agreement on Plaintiff's claims for statutory, compensatory and personal injury damages, and for reasonable attorneys' fees, costs and litigation expenses and costs for bringing her claim, and enforcing her rights as against Liberty.

JURISDICTION:

3. The Parties to this Consent Decree and concurrently filed Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the ADA, 42 U.S.C. 12101 *et seq.*, and for supplemental jurisdiction for California civil rights laws and

regulations.

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of the Order to resolve all of Plaintiff's claims for monetary relief, as set forth in her Complaint as against Defendants.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for statutory, compensatory and personal injury damages, and for reasonable attorneys' fees, costs and litigation expenses as against Liberty, as claimed in her Complaint filed with this Court.

WHEREFORE, the Parties to this Agreement hereby agree and stipulate to the Court's entry of this Consent Decree and concurrently filed Order, which provides as follows:

STATUTORY, COMPENSATORY AND PERSONAL INJURY DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:

5.      Plaintiff and Liberty have reached an agreement to settle all of Plaintiff's alleged claims for statutory, compensatory and personal injury damages, as well as the claims of Plaintiff and her counsel to attorneys' fees, litigation expenses and costs as against Liberty.  Defendant LIBERTY HOTEL INVESTMENTS, L.P. agrees to pay to Plaintiff and her counsel a total the sum of Sixty Thousand Dollars ($60,000) as complete settlement for all of the claims for damages, attorneys' fees, litigation expenses and costs as against Liberty.  Payments will be made by check or checks made out to "Barbosa, Metz, & Harrison, LLP" and delivered to the office of Barbosa, Metz, & Harrison, LLP.  Payment will be made within thirty (30) days of executing the Consent Decree, or twenty (20) days after the Court's approval of the Consent Decree, whichever is earlier.  Payment of this settlement amount shall resolve any and all monetary claims of any kind asserted, or which could have been asserted by Plaintiff as against Liberty in connection with this lawsuit or the condition of the Property prior to completion of its modification pursuant to this agreed upon settlement of the case.  No further payment shall be requested or required of Liberty by Plaintiff and/or her counsel for preparation and filing of this Consent Decree and Order.  In the event that Plaintiff is required to file a motion to enforce the terms of this Agreement, Plaintiff is entitled to

1  seek reasonable fees and costs for that action.

2  ENTIRE CONSENT ORDER:

3      6.   This Consent Decree and Attachment A, the PARTIES GOOD FAITH SETTLEMENT STIPULATION FOR SETTLEMENT BETWEEN PLAINTIFF AND LIBERTY HOTEL INVESTMENTS, L.P, incorporated by reference as if fully set forth herein, constitute the entire agreement between the signing Parties on the matter of Plaintiff's claims for statutory, compensatory and personal injury damages, as well as the claims of Plaintiff and her counsel to attorneys' fees, litigation expenses and costs as against Liberty, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree, Attachment A and concurrently filed Order, shall be enforceable regarding the matters described herein.  This Consent Decree, Attachment A and concurrently filed Order applies exclusively to Plaintiff's claims for statutory, compensatory and personal injury damages and for her claims for attorneys' fees, costs, and litigation expenses as against Liberty, which are intended to be fully resolved in this Consent Decree and Order.

CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

    7.   This Agreement shall be binding on Plaintiff CONNIE ARNOLD and Defendant LIBERTY HOTEL INVESTMENTS, L.P., and any successors in interest.  The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF:

    8.   Each of the Parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to this lawsuit which is unknown or unanticipated at the time this Consent Decree is signed.  Except for all obligations required in this Consent Decree, the Parties hereto intend that this Consent Decree apply to all conditions that existed at the subject facilities and all such further loss with respect to Plaintiff's

claims as against Liberty as set forth in her Complaint, except those caused by Liberty subsequent to the execution of this Consent Decree. Therefore, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by Plaintiff as against Liberty with respect to the lawsuit, including Plaintiff's damages, attorneys' fees, and costs, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

9. Except for all obligations required in this Consent Decree each of the Parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Complaint filed by Plaintiff in this matter.

TERMS OF THE CONSENT DECREE AND ORDER:

10. This Agreement and Order shall be in full force and effect for sixty (60) days after the date of the entry of this Consent Decree and Order, or until Liberty makes full payment of the agreed-upon damages, attorneys' fees, litigation expenses and costs, whichever is later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order until Defendant LIBERTY HOTEL INVESTMENTS, L.P. complies with all of the terms of this Consent Decree.  In the event Plaintiff's counsel must seek Court enforcement of this Consent Decree, Plaintiff's counsel will be

entitled to seek attorneys' fees for enforcing the Consent Decree as determined by agreement between the Parties or by Motion for Fees to the Court.

SEVERABILITY:

11. If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

SIGNATORIES BIND PARTIES:

12. Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Agreement. This Agreement may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

PARTIES' APPROVAL:

Date: _____, 2010          CONNIE ARNOLD


                                  _____
                                  Plaintiff

Date: _____, 2010          LIBERTY HOTEL INVESTMENTS, L.P.


                                  _____
                                  Defendant
                                  Name:
                                  Title:

APPROVED AS TO FORM:


Date: _____, 2010          PATRICIA BARBOSA
                                  BARBOSA, METZ & HARRISON, LLP


                                  _____
                                  Attorneys for Plaintiff
                                  CONNIE ARNOLD


Date: _____, 2010          THEODORE W. HOPPE

HOPPE LAW GROUP

_____
Attorneys for Defendant LIBERTY HOTEL INVESTMENTS, L.P.

### ORDER

Judgment is entered pursuant to the Parties' stipulation.   The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   January 28, 2011                    _____
                                            CHIEF UNITED STATES DISTRICT JUDGE