PATRICIA BARBOSA, Esq. (SBN 125865)
JORDON METZ, Esq. (SBN 167355)
**BARBOSA, METZ & HARRISON, LLP**
17547 Ventura Blvd., Suite 310
Encino, CA 91316
Tel: (818) 386-1200
Fax: (818) 386-1212
PBarbosa@bmhlegal.com
JMetz@bmhlegal.com

Attorneys for Plaintiff, CONNIE ARNOLD

(Appearances continued on following page)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD,<br><br>    Plaintiff,<br><br>vs.<br><br>LA QUINTA CORPORATION,<br><br>    Defendants. | Case No.: 1:08-CV-01246-AWI-DLB<br><br>**Civil Rights**<br>*Assigned to Honorable Anthony W. Ishii, Judge presiding*<br><br>**CONSENT DECREE AND ORDER FOR SETTLEMENT OF PLAINTIFF'S CLAIMS FOR DAMAGES AS AGAINST DEFENDANT IC KANG CORPORATION**<br><br>Trial Date:   July 19, 2011<br>Time:         9:00 a.m.<br>Location:    2500 Tulare Street<br>                   Courtroom 2<br>                   Fresno, CA |

1  GARY R. BASHAM, Esq. (SBN 130119)
   BASHAM LAW GROUP
2  701 University Ave., Suite 220
3  Sacramento, CA 95825
   Tel: (916) 282-0841
4  Fax: (916) 993-4849
   gary@bashamlawgroup.com
5
6  Attorneys for Defendant, IC KANG CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
**CONSENT DECREE AND ORDER FOR SETTLEMENT OF PLAINTIFF'S CLAIMS FOR DAMAGES AS AGAINST DEFENDANT IC KANG CORPORATION**
Case No.: 1:08-CV-01246-AWI-DLB                                                              2

# CONSENT DECREE AND ORDER

1.   Plaintiff CONNIE ARNOLD ("Plaintiff") filed a Complaint in this action on August 22, 2008 ("Complaint") to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California Civil Code §§51, 54; and 54.1, and Health & Safety Code §§ 19955 *et seq.*, against Defendants IC KANG CORPORATION, d.b.a LA QUINTA INN & SUITES-VISALIA ("La Quinta"); and LIBERTY HOTEL INVESTMENTS, L.P. ("Liberty" and collectively with La Quinta "Defendants").  Plaintiff has alleged that Defendants violated Title III of the ADA and California civil rights laws and statutes by failing to provide full and equal access to its facilities, goods, services and accommodations at the La Quinta Inn and Suites located at 5438 W. Cypress, Visalia, California, in the County of Tulare ("Hotel").  Plaintiff and La Quinta now seek to settle all of Plaintiff's claims for statutory, compensatory and personal injury damages as against La Quinta.

2.   La Quinta denies the allegations in the Complaint filed by Plaintiff, and by entering into this Consent Decree and concurrently filed [Proposed] Order does not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The Plaintiff and La Quinta hereby enter into this Consent Decree and concurrently filed [Proposed] Order for the purpose of entering into an early settlement of Plaintiff's claims for statutory, compensatory and personal injury damages.  Additionally, the Parties hereto agree that La Quinta will pay Plaintiff's reasonable attorneys' fees, litigation expenses and costs as against La Quinta without the need for protracted litigation, and without the admission of any liability for any allegations in Plaintiff's Complaint.  Plaintiff and La Quinta have reached an agreement on Plaintiff's claims for statutory, compensatory and personal injury damages, and agree that Plaintiff's counsel shall be entitled to and be paid by La Quinta for reasonable attorneys' fees, litigation expenses and costs for bringing her claim and enforcing her rights as against La Quinta.  The actual amount of the reasonable attorneys' fees, litigation expenses and costs to be paid by La Quinta to Plaintiff's counsel shall be determined through a settlement between the parties hereto or by the Court through a Motion for an Award of Attorneys' Fees, Litigation Expenses and Costs.

JURISDICTION:

3.   The Parties to this Consent Decree and concurrently filed [Proposed] Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the ADA, 42 U.S.C. 12101 *et seq.*, and for supplemental jurisdiction for California civil rights laws and regulations.

4.   In order to avoid the costs, expense, and uncertainty of protracted litigation, the Parties to this Consent Decree agree to entry of the [Proposed] Order to resolve all of Plaintiff's claims for monetary relief, as set forth in her Complaint as against Defendants.  Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for statutory, compensatory and personal injury damages as against La Quinta, as claimed in her Complaint filed with this Court and for future resolution of Plaintiff's reasonable attorneys' fees, costs and litigation expenses by the Court through a Motion for an Award of Attorneys' Fees, Litigation Expenses and Costs.

WHEREFORE, the Parties to this Agreement hereby agree and stipulate to the Court's entry of this Consent Decree and concurrently filed [Proposed] Order, which provides as follows:

STATUTORY, COMPENSATORY AND PERSONAL INJURY DAMAGES:

5.   Plaintiff and La Quinta have reached an agreement to settle all of Plaintiff's alleged claims for statutory, compensatory and personal injury damages, as well as the claims of Plaintiff and her counsel to attorneys' fees, litigation expenses and costs as against La Quinta.  Defendant IC KANG CORPORATION agrees to pay to Plaintiff and her counsel a total the sum of Fifteen Thousand Dollars ($15,000) as complete settlement for all of the claims for damages as against La Quinta.  Payments will be made by check or checks made out to "Barbosa, Metz, & Harrison, LLP" and delivered to the office of Barbosa, Metz, & Harrison, LLP.  Payment will be made within thirty (30) days of executing the Consent Decree, or twenty (20) days after the Court's approval of the Consent Decree, whichever is earlier.  Payment of this settlement amount shall resolve any and all claims for damages of any kind asserted, or which could have been asserted by Plaintiff as against La Quinta in connection with this lawsuit or the condition of the Property prior to completion of its

modification pursuant to this agreed upon settlement of the case. No further payment shall be requested or required of La Quinta by Plaintiff and/or her counsel for preparation and filing of this Consent Decree and Order. In the event that Plaintiff is required to file a motion to enforce the terms of this Agreement, Plaintiff is entitled to seek reasonable fees and costs for that action.

ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:

6.      Plaintiff and La Quinta agree as part of the settlement of Plaintiff's claims as against La Quinta that Plaintiff's counsel shall be entitled to an award of reasonable attorneys' fees, litigation expenses and costs as against La Quinta. In the event the Parties do not settle Plaintiff's claims for attorneys' fees, litigation expenses and costs, the amount to be awarded Plaintiff's counsel for attorneys' fees, litigation expenses and costs shall be determined by the Court, pursuant to Federal Rule of Civil Procedure 54(d)(1) and (2), through a motion for an award of attorneys' fees, litigations expenses and costs, which must be filed by Plaintiff's counsel no later than ninety (90) days of the Court's execution of the [Proposed] Order filed concurrently herewith.

ENTIRE CONSENT ORDER:

7.      This Consent Decree constitutes the entire agreement between the signing Parties on the matter of Plaintiff's claims for statutory, compensatory and personal injury damages, and establishing the procedure by which Plaintiff's claims and that of her counsel to attorneys' fees, litigation expenses and costs as against La Quinta, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and concurrently filed [Proposed] Order, shall be enforceable regarding the matters described herein. This Consent Decree and concurrently filed [Proposed] Order applies exclusively to Plaintiff's claims for statutory, compensatory and personal injury damages and the procedure by which Plaintiff's claims and that of her counsel for attorneys' fees, costs, and litigation expenses shall be established as against La Quinta.

CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

8.      This Agreement shall be binding on Plaintiff CONNIE ARNOLD and Defendant IC KANG CORPORATION, and any successors in interest. The Parties have a duty to so notify all

---

**CONSENT DECREE AND ORDER FOR SETTLEMENT OF PLAINTIFF'S CLAIMS FOR DAMAGES AS AGAINST DEFENDANT IC KANG CORPORATION**
Case No.: 1:08-CV-01246-AWI-DLB                                                                                                5

such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

<u>MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF</u>:

9. Each of the Parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to this lawsuit which is unknown or unanticipated at the time this Consent Decree is signed.  Except for all obligations required in this Consent Decree, the Parties hereto intend that this Consent Decree apply to all conditions that existed at the subject facilities and all such further loss with respect to Plaintiff's claims as against La Quinta as set forth in her Complaint, except those caused by La Quinta subsequent to the execution of this Consent Decree. Therefore, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by Plaintiff as against La Quinta with respect to the lawsuit, including Plaintiff's damages, attorneys' fees, and costs, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW
> OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME
> OF EXECUTING THE RELEASE, WHICH IF KNOWN
> BY HIM MUST HAVE MATERIALLY AFFECTED HIS
> SETTLEMENT WITH THE DEBTOR.

10. Except for all obligations required in this Consent Decree each of the Parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of

each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Complaint filed by Plaintiff in this matter.

TERMS OF THE CONSENT DECREE AND ORDER:

11.     The Court will retain jurisdiction until such time as the Parties hereto settle the reasonable attorneys' fees, litigation expenses and costs or the Court makes a determination as to the reasonable attorneys' fees, litigation expenses and costs to be paid by La Quinta to Plaintiff's counsel, whichever is later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order until Defendant IC KANG CORPORATION complies with all of the terms of this Consent Decree.  In the event Plaintiff's counsel must seek Court enforcement of this Consent Decree, Plaintiff's counsel will be entitled to seek attorneys' fees for enforcing the Consent Decree as determined by agreement between the Parties or by Motion for Fees to the Court.

SEVERABILITY:

12.     If any term of this Agreement is determined by any court to be unenforceable, the other terms of this Agreement shall nonetheless remain in full force and effect.

SIGNATORIES BIND PARTIES:

13.     Signatories on behalf of the Parties represent that they are authorized to bind the Parties to this Agreement.  This Agreement may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

PARTIES' APPROVAL:

Date: _____, 2010          CONNIE ARNOLD

                                                                               _____
                                                                               Plaintiff

Date: _____, 2010                IC KANG CORPORATION

                                        _____
                                        Defendant
                                        Name:
                                        Title:

APPROVED AS TO FORM:

Date: _____, 2010                PATRICIA BARBOSA
                                        BARBOSA, METZ & HARRISON, LLP

                                        _____
                                        Attorneys for Plaintiff
                                        CONNIE ARNOLD

Date: _____, 2010                BASHAM LAW GROUP

                            By:         _____
                                        GARY R. BASHAM, Esq.
                                        Attorneys for Defendant, IC Kang

## **ORDER**

Pursuant to Stipulation, and for good cause shown,

IT IS SO ORDERED.

Dated: February 12, 2011                _____
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

**CONSENT DECREE AND ORDER FOR SETTLEMENT OF PLAINTIFF'S CLAIMS FOR DAMAGES AS AGAINST DEFENDANT IC KANG CORPORATION**
Case No.: 1:08-CV-01246-AWI-DLB                                                             8